H. JOHN HOMAN ET AL., PROSECUTORS, v. THE BOARD OF EDUCATION OF CAMDEN, DEFENDANT.

Submitted January term, 1925—Decided March 3, 1925.

**Public Works—Competitive Bidding—Financial Responsibility of Bidder Not Questioned—Neither Advertisement nor Municipal Body Required Bidders to Conform to a Common Time Limit—This Affords No Common Ground for Competition.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutors, *Grover C. Richman* and *William J. Kraft*.

For the defendant, *Frank F. Neulze*.

PER CURIAM.

The writ of *certiorari* was issued to review the action of the defendant in awarding the contract for the erection of a school house, known as the Rosedale School, on the 24th day of September, 1924.

The prosecutor's bid, after public advertisement, was $197,330.

The defendant's bid was $198,689.

The ground upon which the prosecutors seek to set aside the award of the contract is, that it is in violation of the statute, which provides, "all contracts shall be awarded to the lowest responsible bidder." 4 *Comp. Stat. of N. J., p.* 4741, § 53.

This provision limits the power of the board. *Schwitzer v. Board of Education,* 79 *N. J. L.* 342.

What constitutes responsibility within the meaning of the statute is fully discussed and illustrated in the cases of

*Paterson Contracting Co.* v. *City of Hackensack,* 1 *N. J. Adv. R.* 1449; *Peluso* v. *Hoboken,* 98 *N. J. L.* 706; *Harrington's Sons' Co.* v. *Jersey City,* 78 *Id.* 610.

Under these cases, it is not shown in the record that the prosecutors were not "responsible bidders" within the meaning of the statute, and in the defendant's brief it is stated, at the very outset let it be made clear, that the financial responsibility of the H. John Homan Company is not questioned by the defendant. Mr. Homer H. Lotier, a witness, and member of the board of education, at page 164 of the record, testified: "Q. Now, it is true, is it not, that each contractor was privileged to state his own time within which he could complete the contract? A. Oh, yes, yes, they stated their own time." The advertising for bids, however, requested that the time be stated in the contract within which the building would be finished.

As was said by this court in the case of *Armitage* v. *Mayor, &c., of Newark,* 86 *N. J. L.* 6, the general vice of this course is that no common standard for the competition is set up. So, in *Johnson* v. *Atlantic City,* 85 *Id.* 145; *Tice* v. *Commissioners of Long Branch,* 98 *Id.* 214, testimony was taken which is urged as a justification of the board's action, viz., that the prosecutors delayed the completion of prior contracts with the board, but this is no legal excuse for not complying with the plain mandate of the statute.

For these reasons the award of the contract in this case is set aside, with costs.